Peajrson, O. J.
 

 Passing by the exception taken on the part of the defendant, that the interrogatory put by his Honor to the
 
 *3
 
 defendant’sconnselin tliepresewceof the jury, “in an angry and imperious tone of voice,” was an expression of opinion on the question of fact, there is error in this: the allegation of hiring for the year was submitted to the jury without evidence. The fact that the plaintiff’s two slaves were, on one occasion during the year, seen at work in the plaintiff’s saw-mill for a few moments, and the additional fact, that during the same year, the slaves were seen on two occasions in the town of Plymouth, which is about half a mile from the mill, the ■slaves not being in the employment or possession of the defendant, do not, in the opinion of this Court, furnish ground even for
 
 a gtiess,
 
 that the defendant had hired them for the year. The slaves’ being at work on a certain day, would tend to slrow a hiring, but whether the contract of hiring was by the day, or the week, or the month, or the year, would be purely a matter of conjecture.
 

 The other fact, that for the preceding year the defendant had hired negroes of the plaintiff by the year, is irrelevant,— on the principle illustrated by the instance, that the fact of a party’s having exacted usury in one transaction is not admissible to show that he exacted usury in another and distinct dealing. But in our case, even the conjecture of a like dealing is weakened by two circumstances : in the two former contracts the price of the negroes was secured by notes, in this, a note was not given. "Why? Again, in the preceding year, ■one of the negroes was returned as unfit for service, and the -defendant lost his labor, although he had to pay for it. This ■may have induced a different mode of dealing, and suggested to the defendant that it was safest to hire by the day, week or month.
 

 It was the plaintiff’s misfortune or folly to go to trial without being prepared with proof to support his allegation of a hiring by the year, and his Honor ought to have instructed •the jury to find in favor of the defendant for want of evidence, unless the plaintiff chose to submit to a nonsuit.
 

 Per Curiam,
 

 Judgment reversed and
 
 venire de
 
 novo«.